AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   1:23-mc-00973
)
A BLACK LG, LM-X420MM, IMEI: )
359962-10-785684-9, CELLULAR PHONE )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

BLACK LG, LM-X420MM, IMEI: 359962-10-785684-9, phone located at 17 N 2nd Street, Suite 1400, Harrisburg, PA.

located in the _____Middle_____ District of _____Pennsylvania_____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 814(a) | possession with intent to distribute a controlled substance |

The application is based on these facts:
See attached affidavit incorporated herein

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

TFO Darrin Bates, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___12/04/2023___

*Judge's signature*

City and state: Harrisburg, Pennsylvania

Susan E. Schwab, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK LG, LM-X420MM, IMEI: 359962-10-785684-9, CELLULAR PHONE. | Case No. __1:23-mc-00973__<br><br>**Filed Under Seal** |

## CONTINUATION OF AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

## AFFIDAVIT

Affiant, Darrin A. Bates, being duly sworn, do hereby depose and say:

## INTRODUCTION

1. I am a Police Officer for the City of Harrisburg, Bureau of Police and have been since July 2002. Prior to being a City of Harrisburg, Bureau of Police Patrol Officer, I was a Fairfax County Deputy Sheriff located in Fairfax County, Virginia for approximately 2 years. I am currently assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) and have been since November 2017. I am a graduate of the Harrisburg Area Community College (HACC) Police Academy Act 120 Program and Fairfax County Criminal Justice Academy of Virginia. I have a

Bachelor of Science degree in Criminal Justice-Social Science from Elmira College in Elmira, NY.

2.  I am currently assigned as a TFO to the ATF Philadelphia Field Division, Harrisburg Field Office, which is comprised of ATF Special Agents whose primary responsibilities include investigating individuals or groups who have committed violations of the federal firearms and narcotics laws.  During my tenure as a Police Officer and TFO, I have received 15 merit and valor awards to include officer of the year award, I have made over 1,900 drug and firearm related arrests, conducted, and participated in hundreds of investigations, and have debriefed, or participated in debriefings of, defendants, informants, and witnesses who had personal knowledge regarding federal and state firearms and narcotics violations.  I have participated in all aspects of these investigations, including conducting surveillance, and analyzing information obtained from court-ordered cellular phone extractions.  I have been the affiant for hundreds of affidavits, in support of both search and arrest warrants.  I have also assisted and participated in hundreds of felony drug arrests and search warrants.  I have completed numerous drug-training classes and seminars.

## ITEMS TO BE SEARCHED

3. The information set forth below is either known to me personally or was related to me by other law enforcement personnel. This affidavit is submitted in support of a search warrant for the stored electronic information and communications on the cellular telephone described as:

> a. Black LG, LM-X420MM, cellular phone found in possession of Antoine MANNING on February 17, 2020, Telephone Number: Unknown **"SUBJECT DEVICE"**

4. The applied-for warrant would authorize the forensic examination of the **SUBJECT DEVICE** for the purpose of identifying electronically stored data. As set forth below, there is probable cause to believe that the **SUBJECT DEVICE** contains evidence and instrumentalities of violations of Title 21, United States Code, Section 841(a)(1)(c) (Possession With Intent to Deliver) and Title 18, United States Code, Section 924(c) (Possession of a Firearm in Furtherance of a Crime of Violence).

## TECHNICAL TERMS

5.     Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars;

and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

c. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between

devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

6. Based on my training, experience, and research, I know that the **SUBJECT DEVICE** has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

7. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

8. *Forensic evidence.* This application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of its

use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

  a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file. Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

  b. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

  c. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a

review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

9. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

10. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession,

the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is probable cause for the Court to authorize execution of the warrant at any time in the day or night.

## PROBABLE CAUSE

11. On February 17, 2020, members of the Harrisburg Police Department (HPD) were dispatched to 100 Evergreen Street Harrisburg, Pennsylvania for a complaint of seven (7) to eight (8) inside persons of a rooming house in which one (1) was to be in possession of a firearm. The complainant described the person with the firearm to be a thin black male wearing blue jeans and approximately forty-five (45) years of age. When HPD arrived on scene and approached the address they observed MANNING throw an object followed by hearing a loud thud noise. HPD was able to determine the object to be a loaded silver and black Sig Saur, Kurz, 9mm pistol bearing serial number: S279072. HPD determined that MANNING was a person to not possess and placed MANNINMG under arrest. Search incident to arrest of MANNING found two (2) clear plastic bags containing a total amount of approximately 4.22 grams of Cocaine, a digital scale with a white

powder residue, $223 dollars in United States (US) currency, and the **SUBJECT DEVICE**. During this search HPD determined there was no evidence of personal use of the cocaine.

12. On February 17, 2020, HPD Officers took **SUBJECT DEVICE** into custody securing it into evidence custody to where it stayed secured in the HPD evidence location until September 22, 2023, to where it was turned over to me. I then placed the **SUBJECT DEVICE** into ATF custody having it stored in the evidence vault.

13. Based on my training and experience, and the experience conveyed to me by veteran law enforcement officers, I know that individuals such as MANNING, who engage in drug trafficking, will utilize cell phone devices and electronic devices such as **SUBJECT DEVICE** to help facilitate their illegal activity. For instance, they commonly use cell phone devices to store names and phone numbers of co-conspirators, as well as contain conversation between co-conspirators. Based on my training and experience, I know cellphone devices can store information for long periods of time. Therefore, cellphone devices can store text message conversations, phone call logs,

data from social media and other messaging apps stored on the physical device.

14. Based on my training and experience, and the experience conveyed to me by veteran law enforcement officers, I know that persons such as MANNING utilize electronic devices to include cellphones such as **SUBJECT DEVICE** to search websites, purchase items and communicate with people as well as businesses. I also know that electronic devices can store information such as past internet searches as well as stored receipts, etc. for a substantial period of time. In my training and experience, I also know that persons not to possess firearms such as MANNING often use electronic devices to facilitate and conceal their criminal activity. In my training and experience I have also found that during this criminal activity persons not to possess a firearm such as MANNING often take photographs on their cellular phones of their firearms, make rap music videos with their firearms, and receive photographs of firearms as well sending them and storing them on social media. I have also found that persons not to possess a firearm such as MANNING will discuss firearm prices and locations to find these firearms through messaging.

15. Based on the foregoing, there is probable cause to believe that the property identified in Attachment A contains items including those set forth in Attachment B, which are evidence of and/or fruits of the commission of the crimes discussed herein, including violations of Title 21, United States Code, Section 841(a)(1)(c) (Possession With Intent to Deliver) and Title 18, United States Code, Section 924(c) (Possession of a Firearm in Furtherance of a Crime of Violence).

---
Darrin A. Bates, Task Force Officer
Bureau of Alcohol, Tobacco Firearms and Explosive (ATF)

Signed before me this 4th day of December, 2023

---
SUSAN E. SCHWAB
United States Magistrate Judge

## Attachment A

- Black LG, LM-X420MM, IMEI: 359962-10-785684-9, cellular phone, found in possession of Antoine MANNING, Telephone Number: Unknown; currently in the possession of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) at 17 N 2nd Street, Suite 1400, Harrisburg, Pennsylvania.

## Attachment B

1.   All evidence and records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 924(c)(1)(A) and 21 U.S.C. § 841(a)(1) including:

   a. Location Data; to include the movements of MANNING;

   b. any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

   c. photographs, to include photographs of MANNING in possession of firearms;

   d. all bank records, checks, credit card bills, account information, and other financial records.

2.   Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.   Records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever

means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.